# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

JOHN BALE,

    Plaintiff,

vs.

AMANDA WESTPHAL, et al.,

    Defendants.

Case No. 4:15-CV-05026-JPH

REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS

**BEFORE THE COURT** is Defendants' motion to enter judgment on the pleadings and dismiss pursuant to Federal Rules of Civil Procedure 12(c) and 41(b). ECF No. 22. Plaintiff is a prisoner at the Washington State Corrections Center in Shelton, Washington and proceeds pro se. Defendants are represented by Attorney General Robert W. Ferguson and Assistant Attorney General Cassie B. vanRoojen. Plaintiff responded and defendants replied. ECF No. 26, 28. The parties have not consented to proceed before a magistrate judge. The Court considered the motion on the date signed below without argument. After consideration,

**IT IS RECOMMENDED:**

REPORT AND RECOMMENDATION

That the motion, **ECF No. 22, be granted and the complaint dismissed with prejudice**.

Defendants allege the case should be dismissed for failure to prosecute. ECF No. 28 at 4. Alternatively, defendants ask the Court to provide clarity to the parties as to which is the operative complaint and which parties have been properly served. *Id.* Defendants allege plaintiff's access to courts claim fails because he fails to plausibly allege actual injury. *Id.*

Even if the Court assumes there are no procedural defects, plaintiff fails to state a plausible cause of action.

Bale claims his case *Bale v. Kitsap County Jail, et al.*, a United Stated District Court Western District of Washington case, C14-5513-BHS-JRC, was dismissed as a result of defendants' actions which allegedly denied him access to the courts. Defendants are correct that the record does not support his assertion.

Bale presented this same access to the courts claim to the Court in the underlying case in the Western district. The magistrate judge wrote:

"Access to courts requires state officials to assist in the preparation and filing of meaningful legal papers by providing adequate law libraries or adequate legal assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Storseth v. Spellman*, 64 F.2d 1349, 1352 (9th Cir. 1981). Plaintiff's own exhibits show that he was represented by counsel during his criminal trial (Dkt. 10,

1   pp. 6-7). Thus, the state fulfilled its constitutional obligation to him with regards to

2   access to court and plaintiff fails to state a claim. The fact that the trial judge signed

3   an order granting plaintiff access to the jail law library does not change this analysis

4   or raise the state's duty of access to courts to a higher level in which the state

5   becomes obligated to provide an adequate law library and someone trained in the

6   law. Accordingly, the Court recommends granting defendants' motion to dismiss

7   this action with the dismissal counting as a strike pursuant to 28 U.S.C. § 1915(g)."

8   ECF No. 22-1, Exhibit 1 at page 5. On January 15, 2015, the Hon. Benjamin H.

9   Settle adopted the magistrate judge's report and recommendation, dismissed the

10  action and revoked Bale's IFP status for purposes of appeal. ECF No. 22-1, Exhibit

11  1, Order, at page 2.

12       The Court was correct. Because plaintiff was represented by counsel, his

13  denial of access to the courts claim fails.

14       Plaintiff's other claims are similarly cursory and completely unsupported.

15       Because plaintiff fails to show any injury was caused by an alleged denial of

16  access to the courts, the claim should be dismissed. And none of plaintiff's

17  remaining claims state plausibly state a cause of action because they are both legally

18  and factually insufficient. See ECF No. 28 at pp. 5-6.

19       For the foregoing reasons, the Court recommends the complaint be dismissed

20  with prejudice.

REPORT AND RECOMMENDATION

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within fourteen (14) days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(e), which adds additional time after certain kinds of service.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72; LMR 4, Local Rules for the Eastern District of Washington. A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

**IT IS SO RECOMMENDED**. The District Court Executive is directed to enter this Report and Recommendation, and forward copies to the parties and the

REPORT AND RECOMMENDATION

assigned district court judge.

DATED this 26th day of October, 2015.

*S/ James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION