UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOHN BALE,

    Plaintiff,

vs.

AMANDA WESTPHAL, WASHINGTON STATE DEPT. OF CORRECTIONS, and JEFFREY UTTECHT,

    Defendants.

No. CV-15-05026-JLQ

ORDER RE: REPORT AND RECOMMENDATION

BEFORE THE COURT is the Report and Recommendation to Grant Defendants' Motion to Dismiss (ECF No. 29) and Plaintiff's Objection thereto (ECF No. 30). Plaintiffs is proceeding pro se. Defendants Amanda Westphal, Jeffrey Uttecht, and the Washington State Department of Corrections are represented by Assistant Attorney General Cassie vanRoojen.

## I. Introduction and Procedural History

Plaintiff filed this action in Franklin County Superior Court on March 10, 2015, and sought a waiver of the civil filing fee, which was granted. (ECF No. 6-1). Defendants removed the action to this court on March 24, 2015. On April 27, 2015, Plaintiff filed a 65-page, "Motion to File Amended Civil Complaint", which appeared to set forth therein the allegations of the proposed amended complaint. (ECF No. 7). Defendants did not oppose the Motion, stating in their Response that "given the early state in this proceeding and the liberal standards" in Rule 15 for amendment, they had no opposition. (ECF No. 9). However, Defendants did request that the court review the "proposed amended complaint in its screening capacity and evaluate whether the

ORDER - 1

complaint meets the requirements under Rule 8". (*Id*. at 2). Defendants apparently understood the Amended Complaint to be attached to the Motion and stated it was over 15-pages in length and contained 40 pages of attachments.

On June 15, 2015, Magistrate Judge Hutton issued a docket text-only Order which stated only that the Motion to Amend was granted. The Order did not direct Plaintiff, who is proceeding pro se, to again submit the proposed Amended Complaint for filing, nor did it state that the proposed Amended Complaint was deemed filed. Further, the Order did not screen the Amended Complaint as had been requested by Defendants. On September 3, 2015, Defendants filed a Motion to Dismiss (ECF No. 22), which requested "the Court to enter judgment on the pleadings and dismiss Plaintiff's allegations against them pursuant to Federal Rule of Civil Procedure 41(b) and 12(c)." Defendants also filed a Motion to Stay the remaining dates in the Scheduling Order, which was granted.

Response and Reply briefs were filed pertaining to the Motion to Dismiss and on October 26, 2015, Magistrate Judge Hutton issued a Report and Recommendation (hereafter "R & R") that the case be dismissed with prejudice. On November 4, 2015, Plaintiff timely filed an Objection which states only that he "objects to all opinions" in the R & R. Any response by Defendants to the Objection was due by November 18, 2015, and no response was filed.

**II. Discussion**

**A. The Rule 41(b) Basis for Dismissal**

Defendants argued that Plaintiff had failed to prosecute the action because he had not filed an Amended Complaint. This argument is without merit. Defendants were well aware of the allegations in the proposed Amended Complaint, and did not oppose amendment. Defendants' Response (ECF No. 9) to the Motion to Amend stated that the proposed Amended Complaint was 15 pages, with attachments, and "claims to be raising eighteen legal claims against ten defendants but only specifically sets out eleven claims with factual support against only six defendants." (ECF No. 9, p. 2). Defendants

ORDER - 2

understood the proposed Amended Complaint to be attached to the Motion. Defendants did not seek clarification of the Magistrate's text-only Order granting leave, and never filed an answer to the Amended Complaint. Plaintiff is proceeding *pro se*, and the lack of clarity in a court order is not the basis for dismissal of his claims. It appears that Plaintiff did not understand that he needed to do anything further in regard to filing the Amended Complaint after the Motion was granted. In response to the Motion to Dismiss, Plaintiff states that leave to amend was granted and he "does not see why Defendants counsel still disputes this granted issue." See ECF No. 26, ¶ 3.

Judge Hutton did not recommend dismissal on the basis of Rule 41, but the R & R also does not address the procedural confusion. The R & R states:

> Defendants allege the case should be dismissed for failure to prosecute. Alternatively, defendants ask the Court to provide clarity to the parties as to which is the operative complaint and which parties have been properly served...Even if the Court assumes there are procedural defects, plaintiff fails to state a plausible cause of action.

ECF No. 29, p. 2 (internal citations omitted). The procedural issue was not resolved, leaving even defense counsel uncertain as to the claims and parties before the court.

**B. Rule 12(c) Judgment on the Pleadings**

A motion pursuant to Fed.R.Civ.P. 12(c) is one made "after the pleadings are closed" and looks at the operative complaint and answer thereto to determine if a party is entitled to judgment. See *Jensen Family Farms v. Monterey Bay Unified*, 644 F.3d 934, 937 n.1 (9th Cir. 2011)("Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law."). Defendants did not answer the Amended Complaint. The status of the operative complaint was unclear. Defendants' Reply brief requested the court "provide clarity as to the operative complaint and the service of the appropriate parties." (ECF No. 28, p. 4).

Defendants rely on portions of the record from *Bale v. Kitsap County Jail*, in the

ORDER - 3

Western District of Washington, Cause 14-5513. Defendants argue the record therein "conclusively demonstrates" that Plaintiff could demonstrate no actual injury on his access to courts claim because "Bale did in fact file a second amended complaint, but the court struck it as impermissible because Plaintiff had failed to file a motion for leave." (ECF No. 28, p. 5). The Order submitted from the Western District (ECF No. 22-1) does not establish that Plaintiff has failed to allege injury in this case. Plaintiff's proposed Amended Complaint (ECF No. 7) alleged that he had an active case, and officials at Coyote Ridge Correction Center did not allow him to send legal documents to the opposing party or prosecutor's office. In reviewing a Rule 12(c) motion the court accepts the factual allegations in the complaint as true, and views them in a light most favorable to the plaintiff. *LeGras v. AETNA Life Ins.*, 786 F.3d 1233, 1236 (9th Cir. 2015). Plaintiff alleges interference with sending his legal mail, including an "amended complaint packet". Defendants claim Plaintiff's Western District suit was dismissed in part because he did not file a motion for leave to amend. Viewed in a light most favorable to Plaintiff, these contrasting assertions do not establish Defendants are entitled to judgment.

**III. Conclusion**

The procedural posture of this case prevents the court from adopting the R&R. Dismissal based on failure to prosecute is not warranted herein. The court also finds that it would be inappropriate to grant judgment on the pleadings, based on the original Complaint, when Plaintiff has been granted leave to file an Amended Complaint and submitted a proposed Amended Complaint.

**IT IS HEREBY ORDERED:**

1. The court declines to adopt the Report and Recommendation (ECF No. 29). The Motion to Dismiss (ECF No. 22) is **DENIED**. Plaintiff's Objection (ECF No. 30) is sustained.

2. Not later than **December 20, 2015**, Plaintiff shall file an Amended Complaint. The Amended Complaint shall be clearly captioned "First Amended Complaint".

ORDER - 4

Plaintiff shall comply with Fed.R.Civ.P. 8, and its requirement that a pleading set forth a "short and plain statement of the claim". The Amended Complaint shall contain separately numbered paragraphs. The Amended Complaint must plead facts. Vague and conclusory allegations are insufficient to state a claim. The factual allegations should be asserted against specific Defendants and not generically refer to "Defendants" unless the allegation applies to all named Defendants. Causes of action shall be clearly delineated and the factual basis for each claim set forth.

3. The court will screen the First Amended Complaint, when filed, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. If the court determines the Amended Complaint states a claim, the court will direct service as to the named Defendants.

4. The court will screen the First Amended Complaint and determine which claims, if any, remain, as to which Defendants. If there are additional Defendants remaining (other than Westphal, Uttecht, and DOC), the court will direct service on those Defendants and issue a Revised Scheduling Order.

5. The prior Scheduling Order (ECF No. 16), which is currently stayed, is **hereby vacated**.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel and to Plaintiff.

Dated this 19th day of November, 2015.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5